

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
OFFICE OF THE CLERK
500 PEARL STREET
NEW YORK, NEW YORK 10007

RUBY J. KRAJICK
CLERK OF COURT

February 25, 2022

BY ECF AND OVERNIGHT MAIL

Derell Dereck Wilson
Early & Strauss, LLC
360 Lexington Ave., 20th Floor
New York, NY 10017

Guy Patrick Glazier
Glazier Yee LLP
707 Wilshire Blvd., Suite 2025
Los Angeles, CA 90017

Deana Sheryl Stein
Benesch Friedlander Coplan & Aronoff
200 Public Square, Ste 2300
Cleveland, OH 44144

David James Goodearl
Leader & Berkon
630 Third Avenue
New York, NY 10017

Michael Alan Tanenbaum
Tanenbaum Keale LLP
Three Gateway Center 1301
Newark, NJ 07102

Patrick Kenneth-Allen Elkins
Morgan, Lewis & Bockius LLP
101 Park Ave.
New York, NY 10178-0060

Tara Lynne Pehush
K&L Gates LLP (NYC)
599 Lexington Avenue
New York, NY 10022-6030

Timothy John McHugh
Lavin O'neil Ricci Cedrone & Disipio
190 N. Independence Mall West
Philadelphia, PA 19086

Jesse Daniel Rodgers
Lewis Brisbois Bisgaard & Smith LLP (CO)
1700 Lincoln St., Ste. 4000
Denver, CO 80203

Richard P O'Leary
Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, NY 10022

Dennis Enrique Vega
Tanenbaum Keale LLP
Three Gateway Center 1301
Newark, NJ 07102

Joan M. Gasior
Renzulli Law Firm, LLP
One N Broadway, Suite 1005
White Plains, NY 10601

Notice to Counsel of Record
February 25, 2022
Page 2

George Stephen Hodges
Hodges Walsh & Burke LLP
55 Church Street, Suite 211
White Plains, NY 10601

Maryellen Connor
Malaby & Bradley, LLC
150 Broadway, Ste. 600
New York, NY 10038

Austin David O'Malley
Manning Gross and Massenburg
14 Wall Street, 28th Floor
New York, NY 07030

Re: 1:20-cv-02393-LJL, Phelan v. ADC Supply Corp., et al.

Dear Counsel,

I have been contacted by Judge Lewis J. Liman, U.S.D.J., who presided over the above-mentioned case.

Judge Liman informed me that it has been brought to his attention that while he presided over the case his wife owned stock in Pfizer, Inc. His wife's stock ownership is imputed to Judge Liman. That ownership of stock neither affected nor impacted his decisions in this case. However, that stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Liman directed that I notify the parties of the potential conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

If you wish to respond to the disclosure of a potential conflict in this matter, please file

Notice to Counsel of Record
February 25, 2022
Page 3

your response in the above-named case. Any response will be considered by another judge of this court without the participation of Judge Liman.

Sincerely,

Ruby J. Krajick
Clerk of Court

cc: Hon. Lewis J. Liman, U.S.D.J.